Howry, Judge,
delivered the opinion of the court:
This is a motion in a Congressional case on behalf of the claimants to amend the findings and practically for that purpose for a new hearing.
It appears that during the civil war the town of Glasgow, Mo., was in the occupancy of the military forces of the United States, and, being invested by a hostile force, the commander of the federal forces ordered the destruction of the city hall so that in the event of the capture of the town the supplies contained in the city hall should not fall into the hands of the invading forces. Accordingly, an order was given during a successful attack made upon the town for the city hall and the supplies therein to be fired, and pursuant to this order the city hall was burned. At the time the orders were given the town was in imminent danger of passing from the possession of the federal forces to the possession of the invading troops. The firing from the outside came from two attacking divisions coming on from two directions. The order of the commander in possession included a direction for a steamboat, then in the river adjacent to the town likewise to be burned. The court found that “ whether the claimant church, which stood very near the city hall, was burned as a result of firing the city hall and the sfeamboat, or whether the destruction of the church was occasioned by the shot and shell fired into the town by the confederate forces ” did not appear.
The motion now is for the court to find that the church was burned as a result of firing the city hall.
The finding requested is immaterial. If the court could comply with the claimants’ request the destruction would still appear to be an act of war for which governments generally are not liable. It would not change the legal aspects *410 of the matter to saj anything more than that contained in the fact alreadjr found. Juragua Iron Co. v. United States (42 C. Cls. R., 99; 212 U. S.) ... Congress can disregard the legal conditions resulting from the destruction of private property in military operations and make an appropriation at discretion, just as in the case of property destroyed as an act of war at Decatur, Ala., and other places under somewhat similar conditions. The findings already made are quite sufficient to govern intelligent action just as they appear in the other cases transmitted to Congress where property appears to have been destroyed as acts of war.
There is no complaint that the findings made are not literally correct on the evidence before the court when the case was heard. The court has again examined the testimony upon which the ultimate proposition stated rests, and finds that under the evidence no other or different finding could have been made. Two affidavits are now offered to support the proposed change, with no explanation whatsoever for the reasons for not more fully presenting the case on the merits at the outset. If the matters stated in the affidavits were known to the claimants and their representatives the witnesses should have been examined. There is no pretense that the alleged new testimony is newly discovered and no showing made as to diligence. The rules prescribed for such cases have not been observed and no reasons shown why they have not been. fRule 110 prescribes that “ a motion by the claimant upon the ground of newly-discovered evidence will not be entertained unless it appear therein that the newly-discovered evidence came to the knowledge of the claimant, his attorney of record, or counsel after the trial and before the motion was made; that it was not for want of due diligence that it did not sooner come to his knowledge; that it is so material that it would probably produce a different judgment if the new trial were granted, and that it is not cumulative. Such motion must be accompanied by the affidavit of the claimant or his attorney of record,” showing that the facts were unknown until after the close of the trial and that the evidence could not have been discovered before the trial by due diligence.
*411 It is not certain if we should disregard this rule and hereafter admit the newly-discovered testimony that there would’ be any change in the findings, inasmuch as all the testimony considered together would probably not produce a different result.
Motion denied.